IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

1 STARR DALTON,

      Plaintiff,

v.                          Case No. 2:08-cv-01153

W. VA. DIVISION OF CORRECTIONS,
DAVID BALLARD, Warden,
JIM RUBENSTEIN,
BRIAN GREENWOOD,
CO II ADAM CAYTON,
CPL. NATE KENDRICK, and
SGT. CURTIS DIXON,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On October 7, 2008, Plaintiff filed a Complaint under 42 U.S.C. § 1983 alleging that, on March 10, 2008, he was punished without cause and without process (Complaint, docket # 2, at 5.) He alleges that he was assaulted by prison staff on March 5, 2008, and subsequently charged with violations of prison regulations as a coverup of the beating by staff. _Id._ Plaintiff contends that the disciplinary hearing was unfair, and that he was denied various rights, resulting in loss of good-time credits and privileges, and imposition of punitive segregation for 60 days. _Id.,_ at 6. Plaintiff's Complaint seeks expungement of his institutional record, restoration of his good-time credits, and monetary damages. _Id.,_ at 7.

## Procedural History

Plaintiff applied to proceed without prepayment of fees and costs (# 1), which was granted, without imposition of an initial partial filing fee (# 5). Service of process issued, and summonses were served by the U.S. Marshals Service (## 8-15).

On January 26, 2009, the defendants filed a motion to dismiss (# 16), supported by a memorandum (# 17), asserting that the State agency defendant is not a "person" subject to suit under 42 U.S.C. § 1983, that the defendants are entitled to qualified immunity, that <u>Heck v. Humphrey</u> requires dismissal absent a showing that the disciplinary action was vitiated, and that defendants Rubenstein and Ballard are not subject to suit under a theory of *respondeat superior*. Plaintiff did not file a response to the motion to dismiss, although he is an experienced litigator.

## Analysis - <u>Heck v. Humphrey and Edwards v. Balisok</u>

Plaintiff's Complaint alleges, in pertinent part, as follows [spelling corrected]:

> On the 5th day of March, 2008, the defendants brought bogus charges against the plaintiff as a means to white-wash the brutality practiced against the plaintiff on that same day and to safeguard against the threat of civil action. A hearing for the bogus charge was scheduled for the 10th day of March, 2008. However, on March 10, 2008, the defendants did not allow for a meaningful hearing to be conducted and punished the plaintiff without giving him any opportunity to defend against the charge. Plaintiff had requested to have witnesses (who were staff members) attend the hearing and to confront and cross-examine his accuser. These rights were blatantly and strategically denied him. Plaintiff has also requested to have a legal representative at the

hearing.   This right was also denied.   The defendants
instead had one of their inmate informants make
incriminating statements against plaintiff while being
tape recorded.   This was an essential component of the
plot to cover up the brutality inflicted prior.   I, the
plaintiff, 1Starr Dalton, will prove beyond the shadow of
a doubt both in law and in fact of the substance of my
claims that the defendants have violated my 8th and 14th
amendment rights. * * * Upon finding the plaintiff guilty
of assault at the mock hearing depicted hereinbefore the
defendants stripped plaintiff of 730 days earned good-
time credit and imposed 60 days loss of all privileges
and 60 days punitive segregation. * * *

Plaintiff prays the court will order that the charge
be expunged from his institutional record and that all
good-time credits unlawfully stripped from him be
restored. * * *

(# 2, at 5-7.)

To the extent that Plaintiff is claiming that his imprisonment

(*i.e.*, loss of good-time credits) is unconstitutional, his claim

must be pursued through a writ of habeas corpus, not in a § 1983

claim.   See Heck v. Humphrey, 512 U.S. 477 (1994)(§ 1983 plaintiff

must prove that conviction or sentence has been reversed, expunged,

or declared invalid in order to recover damages for

unconstitutional imprisonment).   In Edward v. Balisok, 520 U.S.

641, 646 (1997), the Supreme Court held that, in the context of

prison disciplinary proceedings which result in the loss of good-

time credits, challenges to prison hearing procedures which

necessarily imply the invalidity of the judgment must be pursued in

habeas corpus.   A challenge to the validity of a prison

disciplinary hearing based on alleged due process violations is

simply not cognizable under 42 U.S.C. § 1983 and should be

3

dismissed.  Id., at 649.

Plaintiff has not shown that his loss of good-time credits has
been reversed, expunged or declared invalid by a prison official or
by an order of a State court.  Thus, the District Court should find
that his § 1983 claim is barred.  The undersigned proposes that the
presiding District Judge **FIND** that Plaintiff has failed to show
that his disciplinary proceeding has been declared to be invalid.
It is respectfully **RECOMMENDED** that Defendants' motion to dismiss
(# 16) be granted and this civil action dismissed without
prejudice.

The parties are notified that this "Proposed Findings and
Recommendation" is hereby **FILED**, and a copy will be submitted to
the Honorable Joseph R. Goodwin, Chief United States District
Judge.  Pursuant to the provisions of Title 28, United States Code,
Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of
Civil Procedure, the parties shall have ten days (filing of
objections) and three days (mailing) from the date of filing this
"Proposed Findings and Recommendation" within which to file with
the Clerk of this Court, specific written objections, identifying
the portions of the "Proposed Findings and Recommendation" to which
objection is made, and the basis of such objection.  Extension of
this time period may be granted by the presiding District Judge for
good cause shown.

Failure to file written objections as set forth above shall
constitute a waiver of de novo review by the District Court and a

4

waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

<u>    May 18, 2009    </u>
            Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge